THE NEW ORLEANS GAS LIGHT AND BANKING COMPANY *v.* BENJAMIN HUDSON and another.

Inaccurate or ungrammatical language in the certificate of a notary, will not vitiate it, where the meaning is obvious.

Every means of defence, such as payment, release, novation, &c., which goes to show the extinguishment of an obligation admitted, or proved to have once existed, must be pleaded specially, and cannot be urged under the general issue, which only denies the facts alleged in the petition. The plaintiff might otherwise be taken by surprise.

A plea of release not made in the lower court, will not be listened to by the Supreme Court. This defence will be presumed to have been waived.

APPEAL from the District Court of St. Mary, *Boyce,* J.

*Splane,* for the plaintiffs.

*W. C. Dwight,* for the appellant.

MORPHY, J. Jared Y. Sanders, is appellant from a judgment rendered against him, as the second endorser of a note drawn by one John D. Hart, to the order of, and endorsed by Benjamin Hudson, his co-defendant. The record shows, that on the 13th of October, 1842, a judgment was entered up, with the consent of the counsel of the first endorser, with a six months' stay of execution, but, as it had through mistake been made to apply to both defendants, it was on the following day set aside, so far as concerned Sanders, who immediately filed an answer, pleading the general issue, the illegality of the protest, and want of notice. The protest, which is in due form, shows, that the note sued on was presented at the office of discount and deposit of the New Orleans Gas Light and Banking Company at Franklin, where it was make payable, that payment thereof was demanded, and that the answer made was, that it could not be paid. As to the notice of protest, the notary's certificate mentions, that he gave notice of the protest of this note to the endorsers by means of two written notices, addressed to Benjamin Hudson, Franklin, La., and to Jared Y. Sanders, at Dutch Settlement, St. Mary, La., which notices he *remitted* at the post office at Franklin, on the day of the protest; and it is shown, that the Dutch Settlement is the nearest

The New Orleans Gas Light and Banking Company v. Hudson and another.

post office to the residence of Sanders. Although the certificate is not couched in very appropriate language, yet it can convey no other meaning than that the notice to the appellant was transmitted to him through the post office, on the day of the protest, which we think is sufficient. It has been urged in this court, that the delay granted to the first endorser, must have the effect of relieving the second. That such is the effect of an extension of time granted to the maker, or the first endorser of a note, cannot be disputed ; but this defence was not set up below, nor has even the fact of this stay of execution been given in evidence, although it appears in the record as one of the entries made in the suit, *in solido*, against the two endorsers. Every means of defence, such as payment, release, novation, &c., which goes to show the extinguishment of an obligation admitted, or proved to have once existed, must be specially pleaded, and cannot be urged under the general issue, which only denies the facts set forth in the petition. If, under such a plea, the defendant were permitted to set up a special defence, the plaintiff would be taken by surprise, and deprived of the means of meeting the defence. This court, moreover, is called upon to review the decisions of inferior courts, on the facts and pleadings as they were presented to them, and will not listen to pleas not made below. The defendant's answer was filed on the day after the consent judgment was entered against the first endorser, and with a full knowledge thereof. If he did not think proper to avail himself below of this defence, he may well be presumed to have waived it. Had he made such a plea, the plaintiffs might have shown, that the stay of execution was granted with his consent.

*Judgment affirmed.*