CHARLES HOFFMAN & CO. *v.* ADVILLE ATKINS and N. B. RIDDLE.

*The defence that the plaintiff has, through his acts, lost any of the securities upon a note, and thereby has become unable to subrogate the surety to his rights, is an admission that plaintiff did have a demand against the surety, and that the same has been discharged by the act of plaintiff.*

*Such a defence is in the nature of an exception in factum compositæ, and should be specially pleaded.*

C. P. 327, 346.

APPEAL from the District Court, Seventh District, Parish of West Feliciana, *Ratliff*, J. *Brewer & Collins*, for plaintiffs and appellants. *Powell*, for defendants.

MERRICK, C. J. The answer to the appeal, praying an amendment of the judgment in favor of the appellee, waives the motion to dismiss the appeal.

This is an action upon two promissory notes, signed by *Jacob Michael*, the maker, and endorsed by the payee, *Adville Atkins*, and the defendant, *Riddle*.

The plaintiffs allege that *Riddle* placed his name on the back of the notes as surety for their payment at maturity.

The defendant *Riddle* in his answer admits his signature, and "avers that he is only surety, and as such is not liable for the payment of the debt, for this, that there has never been any legal protest made, or notice of protest given, or any of the requirements of law complied with in the premises to make him liable as surety as aforesaid."

One of the notes having been protested for non-payment, and due notice given, judgment was rendered thereon against both defendants.

As it respects the other note, the plaintiff failed to introduce proof of any notice to *Atkins* of a demand upon the maker. The judge of the lower court rendered a judgment of non-suit in favor of *Atkins*, and a final judgment in favor of *Riddle*, on the ground that as he was but a surety for the payment of the debt, he was discharged because the holder had lost one of the securities to the note by his failure to protest the note and give notice thereof to *Atkins*, and that he was therefore unable to subrogate the surety to any right of action against the first endorser.

We do not think that we are called upon to decide the questions whether *Riddle* was surety for *Michael* or *Atkins*, or both, or whether, as a surety upon the note generally, he stands in any better position than an endorser, with notice?

The pleadings are not sufficient to put at issue the fact asserted, that the plaintiff has through his acts lost any of the securities upon the note, and thereby become unable to subrogate the surety to his rights.

Such a defence implies an admission that plaintiff did have a demand against the surety, and that the same has been discharged by the act of plaintiffs.

This is in the nature of an exception *in factum compositæ*, which should have been specially pleaded. C. P. 327, 346; Inst. 4, 13, § 1; *New Orleans Gaslight Company* v. *Hudson*, 5 Rob. 486.

The defendant, *Adville Atkins*, not being before us, no judgment can be rendered affecting him.

It is therefore ordered, adjudged and decreed by the court that the judgment of the lower court as to said *Napoleon B. Riddle* be avoided and reversed, and now proceeding to pronounce such judgment as to said *Riddle* as ought to have been rendered by the lower court, it is ordered, adjudged and decreed by the court that the said plaintiffs do have and recover judgment against the said *Napoleon B. Riddle*, as surety upon said promissory note, for the sum of eight hundred dollars, with eight per cent. interest on the sum of four hundred dollars, from the 11th day of July, 1855, until paid, and the like rate of interest on the further sum of four hundred dollars, from the 11th day of October, 1855, until paid, together with costs of protest and cost of suit ordered in both courts.