Ludeling, O. J.
This suit is instituted by the plaintiff to recover from *564 the defendants, in solido, the sum of twenty-one thousand two hundred and-eighty-nine dollars, and eight cents, with legal interest, being the aggregate amount of three bills of exchange, drawn by the commercial' firm of Jno. H. Elliot & Co., of New Orleans, on W. P. Converse & Co., o.f-NewYork, which the plaintiff bought'from the defendants, who. were acting as exchange brokers, and-which bills were not paid.
The plaintiff alleges that the defendants are responsible to1 him’for the-amounts of these bills, because “at the time "ke'-purChased the said bills of-exchange, he received assurances from said Alexander Harris and Aarori Harris, who were acting as brokers, on that-:occasion,, that all these bills' would positively be honored; that they knew-: all" the parties to the bills; that these parties were perfectly good; that the'bills would be paid' bóyond peradventure; that they, (said brokers) were not in the habit of selling any but good paper; that paper -sold by them had invariably been paid. To which petitioner replied, that he did not know the parties, but could act upon the assurances of said brokers. ■ That in answer to.'ihis, said brolcers reiterated the statements above mentioned, and induced-your petitioner to part with his money.” - “ That by these wilful misre-■ presentations as to the solvency of the parties, who had-bound themselves by these bills of exchange, he suffered damages in the amount above stated.’’:
It is not certain whether the plaintiff seeks to recover judgment against} the defendants, on the ground that they warranted the payment of the bills of exchange, sold by them as brokets; or because" they wilfully misrepresented the facts as to the solvency of the parties to the bills of exchange, and ¿7ms. occasioned him a pecuniary loss; "
We think the two position are inconsistent; but as no objection was. made to the pleadings in the lower court, we will notice them separately.
The drawers and endorsers of the three bills of exchange, were mer-1 chants residing in the same place where C. T. Buddecke did business as an exchange banker. The evidence shows, that in less than fifty days anterior to the period when he purchased the bills, for the amounts whereof he is suing, C. T. Buddecke had bought at different times of the defendants seven other bills of exchange,» made by the same drawers and 0x6the same drawees, amounting to fifty-seven: thousand,'. 'four hundred and seventy-four dollars, and forty-seven cents; which. had been duly honored. The bills of exchange, with letters of advice attached thereto, showing that the bills were drawn against shipments of cotton, were, deliyered .to the plaintiff at the time he bought them. .
There was no concealment, and there could ¡have been no mistake, as to the Character, in which the defendants were acting when they sold the .bills -to plaintiff. The evidence, and the judicial admissions of the plaintiff, in this case, prove that C. T. Buddecke knew the defendants; were acting as exchange brokers, when they1 dealt with him. They cannot) be made responsible to plaintiff, therefore, unless they expressly bound themselves personally. O. 0.’ Art. 2982. 13 La.'20'; 9 An. 520.
,There is no proof in the record, that either of ,,the ,defendants, ever, undertook to become personally responsible to ,the plaintiff, in the event? that the bills were not paid. The assumption--of the-debt of another,.’ mhét be strictly proven. C. C. Art. 3008; 8 Mart. II;1 3 Rob. 378;1 1 An. 82.
*565 And, from a careful examination of the evidence in this case, we are convinced that neither of the defendants was guilty of wilful misrepresentations or fraud.
“Brokers, except in case of fraud, are not answerable for the insolvency of those to whom they procure sales or loans, although they receive a reward of their agency, or speak in favor of him, who buys or borrows.” C. C. Art. 2988.
The plaintiff’s counsel insists, in his brief, that, the defendants are responsible, as they “ did not, at the date of the transaction, nor since, communicate to the plaintiff the names of their principals. ”
We cannot agree with the learned counsel as to the facts stated,, but as this point was not made in the pleadings, and was not acted upon by the District Judge, this court cannot notice it. C. P. Art. 895 ; 1 N. S. 242; 8 N. S. 339 ; 453 ; 3 Rob. 237.
Having adopted the conclusions above stated, it is unnecessary to decide the bill of exceptions taken by defendants, to the ruling of the; Judge, a quo, permitting C. T. Buddeeke to testify in this case ; or to decide, whether Aaron Harris, was a partner of Alexander Harris.
It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, and that the appellant pay the costs of the appeal.