. (118 So. 869)

No. 27984.

## WALLACE v. WALLACE.

Oct. 29, 1928.   Rehearing Denied Nov. 26, 1928.

H. E. Dawkins, of Farmerville, for appellant.

J. B. Thornhill, of Monroe, for appellee.

ROGERS, J.   In the month of April, 1923, the present plaintiff brought suit against the present defendant, her husband, in the district court for the parish of Ouachita, for a separation from bed and board, for the custody of the children, issue of the marriage, and for alimony.   Judgment was rendered as prayed for on May 26, 1923.   Subsequently, to wit, on January 29, 1925, plaintiff sued to annul on numerous grounds the judgment rendered in her favor.   The district court rejected her demand, and its judg-

ment was affirmed by this court on October 31, 1927.   Wallace v. Wallace, 164 La. 672, 114 So. 589.   While that suit was pending, the plaintiff, Mrs. Wallace, instituted the present action against her husband in the district court for the parish of Caldwell, on September 24, 1925.   The suit is for an absolute divorce on the ground of adultery alleged to have been committed by the defendant.   Exceptions of want of jurisdiction and no cause of action filed by the defendant were overruled.   He then filed his answer, and, after a trial on the merits, judgment was rendered in favor of the plaintiff granting her a final divorce, the custody of the children of the marriage, and alimony at the rate of $80 a month for the support of herself and the children.   This judgment was rendered and signed on April 13, 1926, and on April 16, 1926, defendant applied for and was granted an appeal therefrom.   In the meantime, to wit, on October 30, 1925, J. Howard Wallace sued his wife in the district court for the parish of Union, praying for an absolute divorce based upon the judgment of separation from bed and board rendered in her favor by the district court for the parish of Ouachita and the lapse of two years therefrom without any reconciliation between them under the provisions of Act 29 of 1898.   The district court, ex proprio motu, held that it was without jurisdiction, and nonsuited the plaintiff.   No appeal was taken from the judgment.

In the present appeal, which as we have heretofore stated is by the defendant from the judgment of absolute divorce rendered in favor of his wife, the appellant, J. Howard Wallace, under date of March 20, 1928, filed a plea of res judicata, which he prays this court to sustain, and to render judgment in his favor dismissing the suit of the appellee, his wife.   Appellant has attached to his plea certified copies of documents filed and proceedings had in the district court for the parish of Ouachita for the purpose of show-

ing that on December 7, 1927 (which was only a few days after the decree of this court in Wallace v. Wallace, referred to supra, became final) he filed a suit in that court for a final divorce, grounding his action on the original judgment of separation from bed and board rendered in favor of his wife and the lapse of two years from the date of the judgment without a reconciliation being effected between the parties, that on February 4, 1928, judgment was rendered in his favor and against his wife, granting him an absolute divorce, giving him the custody of the children, and rejecting the demand for alimony, and that no appeal has been taken from the judgment.

Before determining the merit of defendant's appeal, we must inquire what effect is to be given to his plea of res judicata. Although in general parties are not allowed to plead in this court matters which were not before the trial court, by Code Prac. art. 902, a departure from the rule is permitted when the exception taken is one of those which may be pleaded at any period of a cause, and the proof of it appears by the mere examination of the record. In commenting upon the codal article, in a case where it was invoked, this court said:

"There is a class of exceptions, which may be pleaded for the first time on the appeal. They are such as may be pleaded at any period of the cause; but the proof of them must appear from a mere examination of the record. Prescription is mentioned, exempli gratia; but the right is given to the party to whom it is opposed to have the cause remanded for a trial upon the plea. Code of Prac. art. 902. Admitting that the exception of rei judicatæ, is of that class, yet, in this case, nothing in the record from the court below shows that the same matters have been previously decided by this court. To inquire into this exception would violate a well settled principle and rule of proceeding, that this court can only exercise its jurisdiction in so far as it shall have knowledge of the matters argued or contested below. Code of Prac. art. 895 [Bauduc v. Domingon] 8 Mart. (N. S.) 435; [Miller et al. v. Breedlove] 1 La. 323;

[Gaiennie et ux. v. Hepp] 3 Ib. 516; [Zacharie v. O'Beirne] 6 Ib. 402." Zollicoffer v. Briggs, 3 Rob. 237.

The rule announced in the cited case has been followed in Carpenter v. Beatty, 12 Rob. 540, and in Serra é Hijo v. Hoffman & Co., 29 La. Ann. 17, and, so far as we have been able to find, there is nothing in our jurisprudence to the contrary. In the case of Serra é Hijo v. Hoffman & Co., the court, at page 24 of 29 La. Ann., approved the ruling in New Orleans Gas Light Co. v. Hudson, 5 Rob. 487, in refusing to consider new matter, that:

"This court is called upon to review the decisions of inferior courts on the facts and pleadings as they were presented to them, and will not listen to pleas not made to them."

The court further said:

"Something may have occurred since the judgment appealed from was rendered which would satisfy or discharge it, but this would not make the judgment erroneous or enable this court to reverse or to avoid it, and if this court should undertake to receive a plea not made in the court below, and to hear proof in support of it not appearing on the face of the record, it would simply be usurping and exercising original jurisdiction in violation of the organic law.

"In the exercise of its appellate jurisdiction this court is and must be ignorant of anything that may have occurred in relation to the parties or the cause, beyond that which appears in the proceedings of the lower court, except for the purpose of making necessary parties in case of death, etc. * * *"

An examination of the record fails to disclose the facts alleged by appellant in support of his plea of res judicata. The plea, therefore, is not before the court and cannot be considered by us. Proceeding to the consideration and disposition of the case, as we find it on the appeal, we think that the exceptions of want of jurisdiction and of no cause of action were correctly overruled by the court below. On the merits, without going into the details, our conclusion is that the preponderance of the evidence is with

the plaintiff and amply sustains the judgment in her favor.

For the reasons assigned, the judgment appealed from is affirmed.