| .BYRNES, Chief Judge.
This appeal of the trial court’s judgment maintaining defendant’s exception of no right of action concerns a breach of contract action with a Louisiana corporation attempting to sue on behalf of numerous (approximately 33) third parties or joint ventures. The precise issue is whether plaintiff successfully amended its petition *1030 as instructed by this court on March 9, 2001, when the case was presented on supervisory writs for a previous denial of the exception of no right of action and this court remanded the matter for plaintiff to remove the grounds of the exception by amending the petition. After reviewing the record and the evidence presented in this application, we affirm the trial court’s judgment as to the third parties, but reverse the judgment as to EMMACO itself.
Plaintiff-appellant EMMACO International Trading, Inc. (“EMMACO”) is a Louisiana corporation that filed suit against Sudeen’s Enterprises, Inc. and Motilall L. Sudeen (collectively referred to as “the Sudeen defendants”) alleging that defendants were indebted to it and others whom it represents for over $ 1.5 million dollars. Allegedly, defendants functioned as facilitators for an investment program (known as “prime banks”[1]) and had received funds from EMMACO. Allegedly, lathe Sudeen defendants represented to plaintiffs that they had special knowledge of the workings of European banks and were in a position to trade and make profits in short-term bank obligations that were supposedly backed by “prime banks.” Toward that end, the defendants allegedly received over $1.57 million and then defaulted on the return of the principal as well as the promised interest.
Plaintiff further alleged that it was the manager under joint venture agreements known as “The Group Joint Ventures” and that it was acting for all the entities that had invested money with the defendants. EMMACO is the corporate entity used by Earl Gamble and Chardell Fredd, the individuals who allegedly brokered the joint ventures. These individuals claim that the investors demand that EMMACO take action against defendants to recover then-funds.
Defendants filed an exception of no right of action asserting that plaintiffs petition failed to disclose a right of action to institute suit for claims allegedly due third parties or joint ventures. The trial court denied the exception, stating that resolution of the matter was best handled in open trial. Defendants filed supervisory writs with this court on December 4, 2000 and this court granted writs and issued its opinion on March 9, 2001 stating in part:
There is no single entity known as “The Group Joint Venture” (of “The Group”) of which all of the separate joint ventures are partners. For this reason alone, the exception of no right of action should have been maintained. It is clear that the original, first supplemental and amending, and second supplemental and amending, petitions fall short of showing that a single entity known as “The Group Joint Ventures” or “The Group” has a right of action against the Sudeen defendants for all of the claims of the separate joint ventures. The plaintiffs in this suit, besides EMMACO in its own right, must be the individual joint ventures, which could appear through and be represented bypEMMACO. The petitions, when read together, do not set forth thirty-three joint ventures as plaintiffs.
For the foregoing reasons, this writ application is granted, the judgment of the trial court denying the exception of no right of action as to any of EMMA-CO’s claims on behalf of the thirty-three joint ventures be reversed, and the matter is remanded to the trial court for further proceedings, including allowing EMMACO to remove the grounds of the *1031 exception by amendmént of the petition as authorized by La. C.C.P. art. 934.
After the remand, EMMACO filed a Supplemental and Amending Petition for Breach of Contract and for Damages and for Declaratory Judgment. In that petition, EMMACO alleges that it is a party to and manager of 35 joint venture agreements, each of which it identifies with a code and reference number. Defendants reasserted the exception and the trial court heard arguments on the exception on May 11, 2001. At the hearing, defendants argued that plaintiff had not presented written evidence authorizing it to represent each of the joint ventures in this action as required by this court. Additionally, defendants presented evidence from partners in several of the joint ventures demonstrating that EMMACO did not represent them in the litigation. The trial court maintained the exception stating:
Gentlemen, I have looked at this. We have had many hearings on it, and we have gone through it. It has been in the Fourth Circuit and back and will probably go back to the Fourth Circuit several more times before we finish this. It is going to be the ruling of this court that the exception of no right of action is going to be maintained at this point. I don’t think you have adequately overcome, as I asked you to do, the grounds which would allow the exception to go forward. You have amended your petition and said a lot of things. However, I see no verification by any of these parties. That’s one of the things I asked for is a listing showing that you represented them. I asked for it to be done in such a manner that it be by verified petition or by contract to represent. None of that is here or presented to |4the court. Therefore, I am going to follow the dictates of the Fourth Circuit Court of appeal. The exception of no right of action is hereby granted.
The judgment was signed on May 16, 2001.
Plaintiff argues the same points as before, but does not address the trial court’s reasoning, i.e., that plaintiff failed to present written evidence that it was authorized to represent the other parties. Additionally, plaintiff failed to address adequately the issue that some of the joint venture partners provided written proof that they did not want EMMACO to represent them.
The only meritorious argument is that the suit should not have been dismissed as to EMMACO itself. EMMACO has a right to represent itself, but not third parties without having provided the court with the requisite proof that such representation is authorized by the particular entities.
Defendant points out that plaintiff lodged a “designated record” for this court’s review and that this partial record does not contain vital information, such as the exception, the memorandum and evidence in support of the exception, or the opposition. Moreover, there is no evidence of any joint venture agreements in the designated record and no evidence of any entity’s authorization for EMMACO to represent it in this matter.
Additionally, along with its appellee brief, defendant filed a peremptory exception of no cause of action as to EMMACO, arguing that even in its attempt to assert a claim on its own behalf, EMMACO has failed to state sufficient facts to constitute a cause of action. Defendant asserts correctly that such exception may be raised for the first time on appeal. See, e.g., Wallace v. Wallace, 167 La. 149, 118 So. 869 (1929). In view of the complicated nature of this ease, however, we decline to rule on the exception and remand to the trial court for full briefing and argument.
*1032 1 ¡¡Therefore, for the reasons assigned in our previous March 9, 2001 writ grant, as well those contained herein, we affirm the trial court’s judgment maintaining defendants’ exception of no right of action as to the third parties, but reverse the judgment as to EMMACO itself; and remand defendant’s exception of no cause of action to the trial court.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

. Appellant calls the matter a "prime bank" scheme and states in brief that such banks actually do not exist, and the Securities and Exchange Commission warns to beware of such scams.